IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |
|---|---|
| REBECCA L. HORVATH<br><br>Debtor | Case No. 25-51511<br>Chapter 13<br>Judge KOSCHIK<br><br>**DEBTOR'S MOTION TO SELL REAL PROPERTY LOCATED AT 430-432 MORGAN STREET BARBERTON, OH 44203** |

    Now comes Rebecca L. Horvath ("Debtor"), by and through counsel, and hereby move this Court for an order pursuant to 11 U.S.C. §§ 102(1)(B)(i), 363(b) and (f), 1303 and Bankruptcy Rule 6004 authorizing the sale of the property described below free of any liens or interest of any entity other than the estate.

1. Debtor filed for relief under Chapter 13 of the bankruptcy code on September 2, 2025.

2. Debtor disclosed having an interest a parcel of real property located at 430-432 Morgan Street Barberton, Ohio, permanent parcel no. 01-08703 (the "Real Estate"), which is further described in the attached "Exhibit A".

3. By this motion, Debtor seeks to sell the Real Estate at private sale to Miller's 5 Star Properties & Maintenance LLC, free and clear of all liens, mortgages, encumbrances, claims, or interests, for the sum of One Hundred Twenty Thousand Dollars ($120,000), pursuant to the terms of the purchase agreement attached hereto as "Exhibit B."

4. Upon information and belief, PHH/New Res Mortgage ("PHH") holds a valid first mortgage on the Real Estate, with an approximate balance due and owing of $62,401.17.[1]

---

[1] See Proof of Claim 18-1.

5. Upon information and belief, the Internal Revenue Service ("IRS") and State of Ohio hold valid tax liens against the Real Estate.

6. Other than PHH, the IRS, and the State of Ohio, the Debtor is not aware of any parties which may have or claim to have an interest the Real Estate, but all such holders of any interest either consent to the sale free of their interest or could be compelled in a legal or equitable proceeding to accept a money satisfaction of such interest.

7. PHH shall be entitled to payment in full from the sale proceeds at closing on account of its first mortgage, after payment of expenses and costs of sale, in full satisfaction of the mortgage against the Real Estate.

8. Any funds remaining from the sale after payment in full to PHH and customary closing costs shall be paid to the Chapter 13 Trustee pending further order of the court.

9. In order to provide adequate protection of any other interest in the Real Estate, all lien interests in the Real Estate shall be transferred to the remaining sale proceeds and paid to the Chapter 13 Trustee, which shall be distributed subject to further court order, and in accordance with the respective rights and priorities of the holders of any interest in Real Estate, as such right appears and is entitled to be enforced against the Real Estate, the bankruptcy estate or the Debtor under the Bankruptcy Code or applicable non-bankruptcy law.

10. Therefore, the Real Estate may be sold free and clear of any liens, mortgages, encumbrances, claims, interests or rights of possession of any other entity.

11. The Debtor submits that the sale of their interest in the Real Estate is for the highest and best price obtainable.

Wherefore, the Debtor respectfully requests that this Court enter an Order authorizing the sale of the Real Estate by the Debtor in the manner set forth above, and for such further relief the Court may deem appropriate.

Respectfully submitted,
/s/ Steven J. Heimberger
Kathryn A. Belfance (0018035)
Steven J. Heimberger (0084618)
Roderick Linton Belfance, LLP
50 South Main Street, 10th Floor
Akron, OH 44308
(330) 434-3000
Fax: (330-434-9220
kbelfance@rlbllp.com
sheimberger@rlbllp.com
Attorneys for Debtor

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of this Motion to Sell & Notice was electronically transmitted on or about February 6, 2026, via the Court's CM/ECF system to the following who are listed on the Court's Electronic Mail Notice list or was served by U.S. mail, postage prepaid, on the persons below as indicated below.

Electronic Mail Notice List
- **Kathryn A. Belfance**   kb@rlbllp.com, heimbergersr82735@notify.bestcase.com
- **Steven Heimberger**   sheimberger@rlbllp.com, HeimbergerSR82735@notify.bestcase.com
- **Christopher P. Kennedy**   bankruptcy@carlisle-law.com
- **Carl Wesley Pagles**   logsecf@logs.com
- **Keith Rucinski**   efilings@ch13akron.com
- **United States Trustee**   (Registered address)@usdoj.gov
- **Daniel C. Wolters**   bankruptcy@weinerlaw.com

Served Via Regular U.S. Mail:
HSBC Bank USA, National Association
c/o PHH Mortgage Corporation
Attn: Service Agent/Bankruptcy Department
PO Box 24605
West Palm Beach, Florida 33416

Internal Revenue Service
P.O. Box 7346
Philadelphia, Pennsylvania 19101-7346

Internal Revenue Service
Insolvency Group 6
1240 East Ninth Street, Room 493
Cleveland, Ohio 44199

U.S. Attorney
Attn: Bankruptcy
801 West Superior Avenue Ste 400
Cleveland, Ohio 44113

Attorney General of the United States
U.S. Department of Justice Tax Division
Civil Trial Section, Northern Region
P.O. Box 55, Ben Franklin Station
Washington, D.C. 20044

Ohio Department of Taxation
Attn: Bankruptcy Division
PO Box 530
Columbus, Ohio 43216

Ally Servicing LLC
c/o AIS Portfolio Services, LLC
Attn: Service Agent
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118

Capital One Auto Finance,
c/o AIS Portfolio Services, LLC
Attn: Service Agent
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118

Merrick Bank
Attn: Service Agent
PO Box 10368
Greenville, SC 29603-0368


And all parties listed on the attached matrix.

/s/ Steven J. Heimberger
**STEVEN J. HEIMBERGER** (0084618)

**MAILING MATRIX**

Ally Servicing LLC as servicer on behalf of
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118-7901

Capital One Auto Finance, a division of Capi
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118-7901

HSBC Bank USA, National Association, as Trus
ATTN: Bankruptcy Department
P O Box 24605
West Palm Beach, FL 33416-4605

Merrick Bank
PO Box 10368
Greenville, SC 29603-0368

455 John F. Seiberling Federal Building
US Courthouse
2 South Main Street
Akron, OH 44308-1848

Affirm, Inc.
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

Akron Digestive Disease Consultants
570 White Pond Drive
Akron, OH 44320-4206

Ally Bank
Resurgent Capital Services
PO Box 10368
Greenville, SC 29603-0368

Ally Financial, Inc
Attn: Bankruptcy
500 Woodard Ave
Detroit, MI 48226-3416

American Express National Bank
c/o Becket and Lee LLP
PO Box 3001
Malvern PA 19355-0701

Amex
Correspondence/Bankruptcy
Po Box 981540
El Paso, TX 79998-1540

Attorney General of the U.S.
U.S. D.O.J. Tax Division
Civil Trial Section, N.Region
P.O. Box 55, Ben Franklin Station
Washington, DC 20044-0055

Capital One
Attn: Bankruptcy
Po Box 30285
Salt Lake City, UT 84130-0285

Capital One Auto Finance
7933 Preston Road
Plano, TX 75024-2302

Capital One N.A.
by AIS InfoSource LP as agent
PO Box 71083
Charlotte, NC 28272-1083

Chase Auto Finance
Attn: Bankruptcy
Po Box 901076
Fort Worth, TX 76101-2076

Citibank N.A.
Citibank, N.A.
5800 S Corporate Pl
Sioux Falls, SD 57108-5027

Credit Corp. Solutions
121 West S Election Rd
Draper, UT 84020

Crown Asset Management, LLC
c/o CT Corporation System
Statutory Agent
4400 Easton Commons Way, Suite 125
Columbus, OH 43219-6223

DAYTON ANESTHESIA & PAIN SERVICES LLC
PO BOX 1123
MINNEAPOLIS, MN 55440-1123

Digestive Health Center
570 White Pond Drive
Suite 150
Akron, OH 44320-4207

Discover Financial
Attn: Bankruptcy
Po Box 3025
New Albany, OH 43054-3025

HRN
608 S Tuscarawas Avenue
Dover, OH 44622-2346

HSBC Bank USA, National Association, as Trus
c/o PHH Mortgage Corporation
ATTN: Bankruptcy Department
P O Box 24605
West Palm Beach, FL 33416-4605

Huntington National Bank
Attn: Bankruptcy
Po Box 89424
Cleveland, OH 44101-6424

Internal Revenue Service
Insolvency Group 6
1240 East Ninth Street
Room 493
Cleveland, OH 44199-9941

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

Kohls/Capital One
Attn: Credit Administrator
Po Box 3043
Milwaukee, WI 53201-3043

(p)DSNB MACY S
CITIBANK
1000 TECHNOLOGY DRIVE MS 777
O FALLON MO 63368-2239

Max Lend
P.O. Box 639
Parshall, ND 58770-0639

Midland Credit Management, Inc.
PO Box 2037
Warren, MI 48090-2037

Midland Funding/Midland Credit Mgmt
Attn: Bankruptcy
Po Box 939069
San Diego, CA 92193-9069

NCB Management Services
Attn: Bankruptcy
1 Allied Drive
Trevose, PA 19053-6945

Ohio Department of Taxation
Bankruptcy Division
PO Box 530
Columbus, Ohio 43216-0530

OneMain Financial
PO Box 3251
Evansville, IN 47731-3251

PHH/New Res Mtg
P.O. Box 24738
West Palm Beach, FL 33416-4738

Quantum3 Group LLC as agent for
Cognical Holdings Inc.
PO Box 788
Kirkland, WA 98083-0788

Quantum3 Group LLC as agent for
Concora Credit Inc.
PO Box 788
Kirkland, WA 98083-0788

Quantum3 Group LLC as agent for
Credit Corp Solutions Inc
PO Box 788
Kirkland, WA 98083-0788

Santander Bank, N.A.; as
servicer for Santander Consumer USA Inc.
P.O. Box 560284
Dallas, TX 75356-0284

Service Finance
P.O. Box 645487
Cincinnati, OH 45264-5487

Service Finance Company, a division of Truis
PO Box 1847 / 100-50-01-51
Wilson, NC 27894-1847

Summa Health
P.O. Box 771880
Detroit, MI 48277-1880

The Huntington National Bank
PO Box 89424
OPC856
Cleveland, OH 44101-6424

Timothy C. Horvath
430 Morgan Street
Barberton, OH 44203-1755

Timothy Horvath
2058 Como Street
Port Charlotte, FL 33948-1235

Timothy Joseph Horvath
2058 Como Street
Port Charlotte, FL 33948-1235

EXHIBIT
A

**KRISTEN M. SCALISE, CPA, CFE**
**Summit County Fiscal Officer**
**Consideration: EXEMPT F**
**TRANSFERRED**
**12/08/2021#22414**
By: Kelly Clemons, Deputy Fiscal Officer
in compliance with ORC 319.202

Description approved by Tax Maps
Approval good for 30 days from
B: NO P: 20

56700936
Page 1 of 2
Summit Fiscal Officer KRISTEN M. SCALISE, CPA, CFE
Recording Fee: $34.00 Recorded 12/08/2021 01:05:30 PM

**Quit Claim Deed**

## KNOW ALL MEN BY THESE PRESENTS

**THAT TIMOTHY J. HORVATH** (an unmarried man), Grantor, for divers good causes and considerations thereunto moving, and especially for the sum of One Dollar ($1.00) received to his full satisfaction of REBECCA L. HORVATH (an unmarried woman), Grantee, has **GIVEN, GRANTED, REMISED, RELEASED AND FOREVER QUIT-CLAIMED**, and does by these presents absolutely give, grant, remise, release and forever quit-claim unto the said Grantee, her heirs and assigns forever, all such right and title as the said Grantor, has or ought to have in and to the following described piece or parcel of land:

Situated in the County of Summit in the State of Ohio and in the City of Barberton: Known as all of Lot #87 in the Barberton Gardens Allotment, as recorded in Plat Book 41, Pages 36 and 36, Summit County Records of Plats, excepting there from the East 9 feet, front and rear. Parcel number 01-08703 NO 000 200301 4000

More commonly known as 430-432 Morgan Street, Barberton, Ohio 44203.

**TO HAVE AND TO HOLD** the premises aforesaid, with the appurtenances thereunto belonging to said Grantee, her heirs and assigns so that neither the said Grantor, nor his heirs, nor any other persons claiming title through or under him shall or will hereafter claim or demand any right to title to the premises or any part thereof; but they and every one of them shall by these presents be excluded and forever barred.

IN WITNESS WHEREOF, I have hereunto set my hand, the \_\_18th\_\_ day of \_\_November\_\_, in the year two thousand twenty-one.

Signed and acknowledged in the presence of:

*Amanda Weicher*
WITNESS

*Timothy J. Horvath* (signature)
TIMOTHY J. HORVATH

STATE OF OHIO   )       Florida
                ) SS
SUMMIT COUNTY   )       DeSoto

Before me, a notary public, in and for said County and State, personally appeared the above-named Timothy J. Horvath (an unmarried man), who acknowledged that he did sign the foregoing instrument, and the same is his free act and deed.

In Testimony Whereof I have set my hand and official seal this \_\_18\_\_ day of \_\_November\_\_, 2021.

TINA LYNN ROTE
NOTARY PUBLIC
STATE OF FLORIDA
NO. HH 43527
MY COMMISSION EXPIRES SEP. 16, 2024

*Tina Lynn Rote*
NOTARY PUBLIC

THIS INSTRUMENT PREPARED BY:   SUSAN K. PRITCHARD
                               ATTORNEY AT LAW
                               231 QUAKER SQUARE, 120 E. MILL STREET
                               AKRON, Ohio 44308
                               (330) 253-4200

EXHIBIT

B

# OHIO REAL ESTATE PURCHASE AGREEMENT

THIS REAL ESTATE PURCHASE AGREEMENT hereinafter known as the "**Agreement**" is entered into this \_\_\_\_ day of _____, 2026, ("**Effective Date**") by and between Rebecca L. Horvath, a single woman, with mailing address at 3479 E. Tuscarawas Ext. Barberton, Ohio 44203 hereinafter referred to as the "**Seller,**"

And

Marty J. Miller, president of Miller's 5 Star Properties & Maintanance, LLC hereinafter referred to as the "**Buyer,**"

collectively referred to herein as **"the Parties."**

WHEREAS, the Seller owns the Property defined herein and desires to sell the same to the Buyer under the terms and conditions as set forth herein; and

WHEREAS, the Buyer desires to purchase the Property defined herein from the Buyer under the terms and conditions set forth herein.

NOW THEREFORE, for and in consideration of the covenants and obligations set forth in this Agreement and of other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereby agree a follows:

**1. THE PROPERTY**. In accordance with the terms and conditions of this Agreement, the Seller hereby agrees to sell and convey to the Buyer the Property described below together with all the Seller's rights and interests therein including but not limited to all rights under the soil, and improvements to the Property including all fixtures and appurtenances not otherwise expressly excluded herein (hereinafter referred to as the "**Property**"):

Location/Address of the Property: 430-432 Morgan Street, Barberton, Ohio 44203.
PPN: 01-08703 NO 000 200301 4000
Legal Description: Situated in the County of Summit in the State of Ohio and in the City of Barberton: Known as all of Lot #87 in the Barberton Gardens Allotment, as recorded in Plat Book 41, Pages 36 and 36, Summit County Records of Plats, excepting there from the East 9 feet, front and rear.

The following items are included in the sale: All items of personality in, on and around the property.

**2. PURCHASE PRICE.** The Seller agrees to sell the Property and the Buyer Agrees to buy the same for the price of $120,000 (One Hundred Twenty Thousand Dollars) ("**Purchase Price**") and in accordance with this Agreement and the terms and conditions set forth herein.

**3. MANNER OF PAYMENT.** The Purchase Price shall be paid as follows:
A. **EARNEST MONEY.** The Buyer shall make a payment of $500 as "**Earnest Money.**" The Earnest money shall be paid on or before January 15, 2026. Such Earnest Money shall form part of the Purchase Price.
B. **BALANCE.** On or before Closing as defined herein, the Buyer shall pay to the Seller the sum of $119,500 representing the balance of the Purchase Price after applying the Earnest Money.

**4. CONTINGENCIES.**
**TITLE CONTINGENCY.** On or before Closing, the seller shall convey and deliver the title to the Property to the Buyer free from any and all encumbrances other than the mortgage to New Rez Bank and shall have the title the Property in good and marketable condition.
  A. **Title Search Report.** Within 30 days of the Effective date, the Seller must deliver to the Buyer a true and authentic Title Search Report, the cost of which shall be at the expense of both the Buyer and the Seller, equally. Within 10 days from the receipt of the Title Search Report, the Buyer must notify the Seller of any matter contained therein that the Buyer finds unacceptable ("**Notice of Objections**"). Failure to do so shall be deemed conclusively as acceptance of the title as stated in the Title Search Report. The Seller shall have 30 days after receiving the Notice of Objections to remedy all problems therein. In the event that the Seller fails to remedy the problems stated in the Notice of Objections, the Buyer may, in the Buyer's sole discretion, accept the Title as it is and proceed with the purchase under this Agreement, or terminate this Agreement and recover the Earnest Money, costs incurred in relation to this Agreement.
  B. **Title Insurance Policy**. The Seller shall undertake to remove any encumbrance that will materially interfere with the procurement of a title insurance policy or financing necessary for the purchase of the Property, whether the same is included in the above enumeration or not. Further, the Seller shall, in good faith, cooperate with and assist the Buyer fully in obtaining a title insurance policy. The Seller shall be obligated to take all legal and reasonably necessary action in order to procure such title insurance policy but shall not incur

any additional liability in relation thereto. If the title to the Property is not in a condition that is compliant with the above, if the Seller fails or refuses to comply with the Seller's obligations under this section, or if the Parties are unable to obtain a title insurance policy, the Buyer may, in the Buyer's sole discretion, accept the title as it is and proceed with the purchase under this Agreement, or terminate this Agreement and recover the Earnest Money.

**C. AS IS** This property is sold "as is" and "where is" and the Seller makes no representatives or warranties express or implied about the condition of the property. The Buyer accepts the Property in its current condition with all faults and Buyer acknowledges that he has had the opportunity to conduct inspections and waives the right to sue the Seller for any claims related to the property's condition.

**D. SURVEY.** The Buyer shall have the right to conduct a survey of the Property within 10 days of the Effective Date to ascertain if there are any problems with the boundary lines of the Property. The choice and appointment of the surveyor shall be the sole discretion of the Buyer who shall also solely bear the costs of the survey. The time and date of the survey shall be at the option of the Buyer but must be at a reasonable time and notice. In the event that issues, encumbrances, defects or any other problems are identified in the survey, the Buyer shall notify the Seller of the same. The Seller shall have 60 days after receiving such notice to remedy all problems therein. In the event that the Seller refuses to allow access to the Property to accommodate the survey or fails to remedy the problems stated in the notice, the Buyer may, in the Buyer's sole discretion, accept the Property as it is and proceed with the purchase under this Agreement, or terminate this Agreement and recover the Earnest Money.

**E. TENANCY**:   1) The parties acknowledge that Faith and Connor Horvath are currently living in the back unit of the Property as tenants. Buyer expressly agrees so allow these tenants to remain in the property subject to the Lease Agreement attached hereto as Exhibit A.  At closing, the seller will assign her rights under the Lease Agreement to the Buyer.

  2)The parties acknowledge that Hayley Weaver is currently living in the front unit of the Property as a tenant. Buyer expressly agrees so allow her to remain in the property subject to the Lease Agreement attached hereto as Exhibit B.  At closing, the seller will assign her rights under the Lease Agreement to the Buyer.

**5. DISCLOSURES.**  The Residential Property Disclosure Form is attached.

**6. Taxes and Assessments: The real estate taxes for the property for the current tax year may change as a result of the transfer of the property, or as a result of a change in the tax and valuation. Buyer and Seller understand that real estate valuations may be subject to retroactive change by governmental authority.**

Seller shall pay or credit at closing:

 (a) all delinquent taxes, including penalty and interest;

 (b) all assessments which are a lien on the property as of the date of the contract;

(c) all agricultural use tax recoupments for years prior to the year of closing;

(d) all other unpaid real estate taxes and community developement charges imposed pursuant to Chapter 349 of the Ohio Revised Code which are a lien for years prior to closing; and

(e) a portion of such taxes and community development charges for the year of closing shall be prorated through the date of closing based on a 365-day year.   The proration shall be based upon the most recent available tax rates, assessments and valuations as reflected in the current tax duplicate certified by the County Treasurer. Seller and Buyer acknowledge that actual bills received by Buyer after closing for real estate taxes and assessments may differ from the amounts prorated at closing. In any event, all prorations agreed to by the parties at closing shall be final.

**7.        CLOSING.** The Buyer and Seller agree that the "**Closing Date**" shall be on  February 28, 2026. Any extension or modification on the Closing Date shall not be effective unless expressly agreed to by both Parties in writing. The Parties agree to deliver to the other Party all notices, certificates, releases and other documents necessary for the recording of the sale and/or transfer to the Property or title to the Seller on or before the Closing date. On or before the Closing date, the Seller shall deliver to the Buyer the following:

A. A general warranty deed wherein the Seller conveys to the Buyer title to the Property duly executed in accordance with the required formalities to give full effect to the deed therein; and

B. All keys, codes and other devices to doors, gates, mailboxes and all entry or access points to the Property.

All Costs attributed or related to Closing and all processes related thereto shall be borne by  both Parties equally.

**8. POSSESSION OF THE PROPERTY.** The Parties hereby agree that the exclusive possession of the Property shall be delivered by the Seller to the Buyer on at closing.

**9. DEFAULT.** Failure by either Party to close or otherwise perform all obligations that fall due or demandable on or before the Closing date shall allow the other Party to terminate this Agreement. In the

event that the Buyer defaults, the Buyer shall forfeit the Earnest Money as liquidated damages in favor of the Seller.

**10. GOVERNING LAW.** This Agreement shall be governed by and its terms and conditions be interpreted according to the laws of the State of Ohio without regard to the conflicts of law principles.

**11. DISPUTE RESOLUTION.** This section shall apply to any and all disputes relating to or arising from this agreement except for the following:
   a. A judicial or non-judicial foreclosure or other action or proceeding to enforce a deed, mortgage or installment land sale contract as defined in accordance with Ohio state law.
   b. An unlawful detainer action, forcible entry and detainer, eviction action, or equivalent.
   c. The filing or enforcement of a mechanic's lien.
   d. Any matter that is within the jurisdiction of probate, small claims or bankruptcy court.

A. The Parties agree to submit any and all disputes arising from this agreement to mediation and in good faith attempt to resolve the same therein. Costs related to mediation shall be borne by the Parties equally.
B. In the event that a dispute remains unresolved even after mediation in good faith, the Parties agree to submit such unresolved dispute to binding arbitration and agree to be bound by such.
   a. The arbitral tribunal shall consist of three (3) arbitrators, where each Party shall appoint one (1) arbitrator each. The third arbitrator shall be appointed by the 2 arbitrators appointed individually by the Parties and shall be the presiding arbitrator.
   b. Oral hearings shall be held in Summit County, Ohio. The language of the arbitration shall be English. As such, all documents to be filed, and all oral submissions to be made must be done so in English. The arbitral award shall be in writing, in English, and shall state the facts of the Dispute and the grounds upon which the award is based.
   c. The arbitral tribunal shall have the power to order reasonable discovery. All witnesses, documents and other exhibits may not be introduced to the arbitration nor relied on by a party at the arbitration unless the same has been previously identified and produced to the other Party.
   d. The Parties agree that the arbitral tribunal is not authorized to award any punitive or exemplary damages whatsoever. The Parties hereby agree and acknowledge that the award of the arbitral tribunal in accordance with this section shall be final and binding on

the Parties. As such the Parties undertakes to abide by, comply with and/or carry out the such award in good faith and without delay.

e. Each Party shall bear all of its own expenses, costs and legal fees individually incurred in connection with the arbitration, save only to the extent the arbitral tribunal orders otherwise.

**12. NOTICES.** All notices or communication in relation to this Agreement shall be made in writing and delivered to the following addresses by hand, courier service, certified mail or registered mail with the return receipt requested:

To the Seller at the address:

Becky Horvath
3479 E. Tuscarawas Ext.
Barberton, Ohio 44203

and

To the Buyer at the address:

Marty J. Miller
8240 Erie Avenue SW
Navarre, Ohio 44662

**13. ASSIGNMENT.** The Buyer acknowledges that this Agreement is not transferrable and that the Buyer may not assign the Agreement, any part of the Agreement or any of the rights or obligations herein without the prior express and written consent of the Seller. Any such license, assignment or agreement in violation of this clause shall be null and void with no legal force whatsoever.

**14. BINDING EFFECT.** The terms, obligations, conditions and covenants of this Agreement shall be binding on Buyer, the Seller, their heirs, legal representatives and successors in interest and shall inure to the benefit of the same.

**15. MULTIPLE ORIGINALS.** The Parties may execute this Agreement in several copies or multiple counterparts, all of which shall collectively constitute this one Agreement binding on each of the Parties as such. Each copy or counterpart signed by the Parties shall be considered an original.

**16. SEVERABILITY.** Should any provision of this Agreement be found, for whatever reason, invalid or unenforceable, such nullity or unenforceability shall be limited to those provisions. All other provisions

herein not affected by such nullity or dependent on such invalid or unenforceable provisions shall remain valid and binding and shall be enforceable to the full extent allowed by law.

**17. ENTIRE AGREEMENT.**  This Agreement and, if any, attached documents are the complete agreement between the parties. There are no oral agreements, understandings, promises, or representations between the Parties affecting the subject matter of this Agreement. All prior negotiations and understandings, if any, between the Parties hereto with respect to the subject matter hereof shall be of no force or effect and shall not be used to interpret this Agreement. No modification or alteration to the terms or conditions of this Agreement shall be binding unless expressly agreed to by the Seller and the Buyer in a written instrument signed by both Parties.

**18. ADDITIONAL TERMS AND CONDITIONS.**  The parties understand and acknowledge that Seller's ex-husband, Timothy Horvath, has a mortgage for $113,400 on this property filed November 30, 2004 which has not been satisfied.  The parties understand and acknowledge that Seller and Timothy Horvath were divorced in the Summit County Court of Common Please on March 12, 2021 and that their divorce decree includes various provisions which may be interpreted to impact this Agreement. The parties also understand and acknowledge that Seller is currently in a Chapter 13 bankruptcy proceeding in the Northern District of Ohio.  If for any reason Seller is prevented from completing the sale and transfer of this property to Buyer, either because of Tim Horvath's mortgage, the divorce decree between Timothy Horvath and Rebecca Horvath or any decision of the Bankruptcy Trustee or the Bankruptcy court, then this contract shall be null and void except for this provision in which both parties waive any right to bring any cause of action against the other in relation to this contract.  In any such circumstance, both parties waive any damages for potential breach of contract and/or any damages which may be said to flow therefrom.

**IN WITNESS WHEREOF,** the Seller and the Buyer have executed this Agreement in multiple originals as of the Effective Date.

_____  _____
SELLER'S SIGNATURE                SELLER'S SIGNATURE

_____  _____
PRINTED NAME                      PRINTED NAME

_____  _____
DATE                              DATE

| BUYER'S SIGNATURE | BUYER'S SIGNATURE |
| --- | --- |
| PRINTED NAME | PRINTED NAME |
| DATE | DATE |